**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| TELONIOUS LAMAR TAYLOR, ) <br> ) <br>      Petitioner, ) <br> ) <br>     v. ) <br> ) <br> JOSIE GASTELLO, Warden, ) <br> ) <br>      Respondent. ) <br> _____ ) | No. SA CV 19-1989-GW (PLA) <br><br> **ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

      On April 28, 2020, the United States Magistrate Judge issued a Report and Recommendation ("Report"), recommending that petitioner's Petition for Writ of Habeas Corpus be denied and that this action be dismissed with prejudice. (Docket No. 16). On May 29, 2020, petitioner filed Objections to the Report. (Docket No. 18).

      In his Objections, petitioner raises several arguments, including a claim of actual innocence and his purported lack of access to the prison's law library, that he claims constitute sufficient "cause" to establish a miscarriage of justice. (Docket No. 18 at 1-2). These arguments might be relevant if the Magistrate Judge had found that petitioner's claims were either untimely or procedurally barred. However, the Magistrate Judge made no such findings. Although the Magistrate Judge observed that petitioner's grounds for relief were unexhausted, petitioner's arguments regarding actual innocence and lack of access to the prison law library have no bearing

on that finding. More importantly, the Magistrate Judge rejected petitioner's grounds for relief on their respective merits. Accordingly, petitioner's arguments as to his purported actual innocence and lack of access to the prison law library are not well-taken.

Petitioner also vaguely alludes to discovery violations by the prosecutor and ineffective assistance of counsel. (See Docket No. 18 at 1-2). To the extent that these allegations mirror any of the claims for relief that petitioner asserted in his Petition, the Report adequately addressed these issues. To the extent that petitioner intended to assert new grounds for relief in his Objections, the Court elects not to exercise its discretion to address them because they are unexhausted and because petitioner had ample time to amend his Petition or to seek leave from the Court to do so. See Brown v. Roe, 279 F.3d 742 (9th Cir. 2002) (district court has discretion, but is not required, to consider claims presented in party's objections to magistrate judge's report and recommendation). Regardless, even if the Court were to exercise its discretion to address these claims, they would not entitle petitioner to habeas relief because they are wholly conclusory. Such conclusory and unsupported allegations of error do not warrant habeas relief. See James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995) (habeas relief not warranted where claims for relief are unsupported by facts).

Next, petitioner contends that he is entitled to an evidentiary hearing regarding his claim that the trial court violated his right to due process by refusing to rule on a demurrer challenging the trial court's jurisdiction over some of the criminal counts alleged against him. (See Docket No. 18 at 4). An evidentiary hearing is warranted where the petitioner presents "a colorable claim" of constitutional error. Fairbank v. Ayers, 650 F.3d 1243, 1251 (9th Cir. 2011) (internal quotation marks omitted). To establish such a colorable claim, the petitioner must "demonstrate that 'a hearing could enable [him] to prove . . . factual allegations' that, 'if true, would entitle [him] to federal habeas relief.'" Stokley v. Ryan, 659 F.3d 802, 811 (9th Cir. 2011) (quoting Schriro v. Landrigan, 550 U.S. 465, 474, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007)). Here, petitioner has not established a colorable claim for relief. On the contrary, as explained in the Report, the trial court could not have erred in declining to rule on petitioner's demurrer because (among other

things) trial counsel -- in petitioner's presence -- withdrew it before the trial court had a chance to rule on it.  (Docket No. 16 at 9).

Petitioner also appears to seek leave to conduct discovery regarding his grounds for relief.  There is no general right to discovery in habeas corpus actions.  See Bracy v. Gramley, 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."); Bittaker v. Woodford, 331 F.3d 715, 728 (9th Cir. 2003) ("Parties in habeas cases, unlike those in ordinary civil cases, have no right to discovery.").  However, Rule 6(a) of the Rules Governing Section 2254 Cases provides that a "judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  Rule 6(a), 28 U.S.C. foll. § 2254.  Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief[.]"  Bracy, 520 U.S. at 904; Smith v. Mahoney, 611 F.3d 978, 996 (9th Cir. 2010).  Here, petitioner has failed to establish good cause to justify discovery in this matter.  Accordingly, his request to conduct discovery is denied.

Finally, petitioner alludes to Rule 60(b) of the Federal Rules of Civil Procedure.  (See Docket No. 18 at 4-5).  Pursuant to Rule 60(b), courts, under appropriate circumstances, may relieve a party of a final judgment, order, or other proceeding.  Fed. R. Civ. P. 60(b).  Here, petitioner's request under Rule 60(b) is premature because it precedes any relevant order or judgment by the Court.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.

2. Judgment shall be entered consistent with this Order.

3. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: August 10, 2020

_____
HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE